UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IDA VINETTE MONAHAN, et al.,   :
                               :   NO. 1:10-CV-00048
        Plaintiffs,            :
                               :
     v.                        :   **OPINION & ORDER**
                               :
SMYTH AUTOMOTIVE, INC.,        :
                               :
        Defendant.             :

        This matter is before the court on Defendant's Motion to
Dismiss Plaintiffs' Third and Fourth Causes of Action and
Plaintiffs' Request for Class Action Allegations Pursuant to Fed.
R. Civ. P. 23(b)(3) and Defendant's Motion for More Definite
Statement (docs. 9 & 10), to which Plaintiffs filed Responses
(docs. 12 & 13), Defendant filed Replies (docs. 14 & 15),
Plaintiffs filed a Sur-reply (doc. 18), to which Defendant
responded (doc. 20).  For the following reasons, the Court DENIES
Defendant's motions.

## I.  Background

        This is a suit brought on behalf of a putative class to
collect unpaid overtime and minimum wages pursuant to the federal
Fair Labor Standards Act ("FLSA"), Ohio Minimum Fair Wage Standards
Act (the "Ohio Minimum Wage Act"), Ohio common law, and Ohio
Revised Code Section 4113.15 (doc. 1).  Plaintiffs were employed as
delivery drivers for Defendant, an auto services company with
offices located in Ohio and Kentucky (Id).  Plaintiffs allege that
on or around January 26, 2007, Defendants   began to engage in a

pattern and practice of deducting time from Plaintiffs' work hours for lunch breaks even though, according to Plaintiffs, they performed substantial duties during these breaks and were not relieved from work (Id.).

Plaintiffs allege four causes of action, with the federal claim a collective opt-in action and the three state claims an opt-out class action.  Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs allege that Defendant has violated and is violating the FLSA by deducting lunch time daily from hours worked even though substantial duties were performed during those periods of time. This they style as a collective opt-in  action under the FLSA. Under Ohio law and styled as a  class action pursuant to Federal Rule of Civil Procedure 23, Plaintiffs allege (1) that this conduct violates the Ohio Minimum Wage Act, which requires an employer to pay its employees the legally-required minimum wage for all hours worked; (2) that Defendant was unjustly enriched by this conduct; and (3) that Defendant failed to pay wages due Plaintiffs within thirty days of the regularly scheduled payday in violation of Ohio law (Id., citing Ohio Rev. Code §§ 4111.03(A); 4111.10(A); and 4113.15).

Plaintiffs seek monetary, injunctive, and declaratory relief from their former employer, Defendant Smyth Automotive (Id.).  Specifically, they seek an order allowing the litigation to proceed as a hybrid collective action under the FLSA and class

action under Federal Rule of Civil Procedure 23; notice to all putative class members regarding their right to opt-in; an order declaring that Defendant's violation of the FLSA was willful; an injunction prohibiting Defendant from engaging in wage and overtime violations in the future; and an order granting judgment to Plaintiffs for the unpaid wages and costs and fees.  With respect to the Ohio-law claims, Plaintiffs seek certification of the action as a class action; designation of the named Plaintiffs as class representatives; an award of damages and liquidated damages, with interest, as well as costs and fees; and any other injunctive or equitable relief the Court deems proper (Id.).

Defendant moves the Court to dismiss Plaintiffs' unjust enrichment and failure-to-pay claims (the third and fourth causes of action) because those causes of action are preempted by the FLSA and Ohio's Minimum Wage Act; to dismiss Plaintiffs' class action allegations (the second cause of action) under the Ohio Minimum Wage Act because a   Rule 23(b) opt-out class action is not a permissible mechanism for recovery under Ohio Revised Code § 4111.14(K)(2); and, if the Court grants the motion to dismiss the second, third and fourth causes of action, to order Plaintiffs to file a more definite statement regarding Plaintiffs' first cause of action, the FLSA collective action allegation (docs. 9 & 10).

## II.  The Applicable Standard

A motion to dismiss  pursuant to Federal  Rule of Civil

Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes , 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products , 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible.  Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly, Pleading Rules, and the  Regulation of Court Access*, 94 IOWA L. REV. 873, 887-90 (2009).  A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged.  Iqbal, 129 S.Ct. at 1949.  Plausibility falls somewhere between probability and possibility.  Id, citing Twombly, 550 U.S.

4

at 557.  As the Supreme Court explained,

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting    In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if    they exi sted, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

A motion for a more definite statement made pursuant to Federal Rule of Civil Procedure 12(e) is proper when a pleading fails to specify the allegations in a manner that provides sufficient notice. <u>Evans-Marshall v. Board of Educ. of Tipp City Exempted Village School Dist.</u>, 428 F.3d 223, 228 (6th Cir. 2005). However, because of the liberal pleading and discovery rules, such motions are generally disfavored and should be granted only when the complaint is so vague or unintelligible that it is virtually impossible for the defendant to craft its responsive pleading. <u>See</u>, <u>e.g.</u>, <u>Shaffer v. Eden</u>, 209 F.R.D. 460 (D.Kan. 2002); <u>Synagro-WWT, Inc. v. Rush Tp., Penn.</u>, 204 F.Supp.2d 827, 849 (M.D. Pa. 2002).

## III.  Discussion

### A.  The Motion to Dismiss the Second, Third and Fourth Causes of Action

#### 1.  The FLSA does not preempt Plaintiffs' unjust enrichment/quantum meruit claim

Defendant argues that Plaintiffs' common law claim is based on a FLSA violation and therefore must be dismissed because it is preempted by FLSA (doc. 10).  Defendant relies on <u>Anderson v. Sara Lee</u>, 508 F.3d 181 (4th Cir. 2007), a Fourth Circuit decision where the court dismissed the plaintiff's state-law contract, fraud, and negligence claims while allowing the FLSA claim to go

forward (Id., citing 508 F.3d at 193).  The court there found that the FLSA claim preempted the state claims because of the doctrine of "conflict preemption," whereby state claims that stand as an obstacle to a federal law's purpose are preempted by the federal law. (Id.)

Defendant finds further support in Williamson v. General Dynamics, 208 F.3d 1144 (9th Cir. 2000).  In contrast to Anderson, this Ninth Circuit case permitted the state fraud claim to go forward because it was not found to be based on the FLSA claim (Id., citing 208 F.3d 1144).  In Williamson, the plaintiffs alleged a claim of fraud because the defendant company made misrepresentations to plaintiffs about their employment to ensure that they did not opt in to the FLSA class action suit (Id., citing 208 F.3d 1144).  Defendant argues that the fraud claim was allowed to proceed because it was not covered by the FLSA and that only claims such as overtime and retaliation are directly covered by the FLSA and must be brought under the FLSA (Id., citing 208 F. 3d at 1153).  Defendant notes that the Sixth Circuit has not yet decided a case resolving the issue of FLSA preemption of common law claims (Id.).

Plaintiffs contend that the claim for unjust enrichment/quantum meruit is not merely a restatement of its FLSA claim; instead, although based on some of the same set of facts as the FLSA count, Plaintiffs argue that this common law claim is a

proper exercise of supplemental jurisdiction (doc. 13).  Plaintiffs explain that claims for FLSA actions and  unjust enrichment actions involve different elements to recover (Id).  Moreover, Plaintiffs point out that the FLSA minimum wage rate is less than Ohio's, and that each theory offers different recoveries (Id.).

Plaintiffs rely on Guerrero v. Brickman Group, LLC. 2007 U.S. Dist. LEXIS 21126 (W.D.Mich., March 26, 2007) at *29-32 (Id). There, the district court permitted the case to proceed even though it included common law  claims for wage  losses as well as FLSA claims (Id.).  As here, the defendants argued for preemption, contending that the claims are duplicative, which argument was rejected by the court (Id.).

Plaintiffs also cite Matthews v. ALC Partner, Inc, 2008 U.S. Dist. LEXIS 107337 (E.D. Mich., December 9, 2008) at *36-37. There, the court denied the  defendant's motion to dismiss, allowing plaintiff's unjust enrichment and FLSA claims to go forward because the case was at the pleading stage, not the remedial stage (Id., citing Matthews).  The court there recognized Federal Rule of Civil Procedure 8(d)(3), which gives claimants the opportunity to assert multiple and separate claims, even if not consistent with  one another (Id .).  Plaintiffs next point to Abadeer v. Tyson Foods, Inc. , 2009 U.S. Dist. LEXIS 59488 (M.D. Tenn., July 10, 2009) at *13-16 (Id.).  The plaintiff in Abadeer filed FLSA claims in addition to state  wage law and  common law

claims, and the defendant moved to dismiss on grounds of preemption and duplication of the FLSA claim (_Id_., _citing_ _Abadeer_).  Citing the FLSA Savings Clause, 29 U.S.C. §218(a), the court found no preemption because the state laws were not held to disrupt the statutory scheme envisioned by Congress in enacting the FLSA (_Id_).  The Savings Clause enables states to establish wage rates higher than those created by FLSA (_Id_).  Plaintiffs add that the court in _Abadeer_ concluded that the duplication issue would be addressed by requiring an election of remedies if the facts indicated that the wages to which the plaintiffs were entitled under FLSA and state law claims were equal(_Id_.).

In response to Defendant's reliance on _Anderson v. Sara Lee_, Plaintiffs argue that _Anderson_, holding that the plaintiff's state common law claims were barred under conflict preemption, is considered by other courts to be a minority view (_Id_).  Plaintiffs note that even where state law claims have been identical to FLSA claims, no preemption has been found (_Id_., _citing_ _Bouaphakeo v. Tyson Foods, Inc._, 564 F. Supp. 2d 870, 884-85 (N.D. Iowa 2008); _Barnett v. Washington Mut. Bank, FA_, 2004 U.S. Dist LEXIS 18491, *15-22 (N.D.CA Sept. 4, 2004); _Takacs v. A.G. Edwards & Sons, Inc_. 444 F. Supp.2d 1100, 1116-18 (S.D. Cal. 2006); _Bahramipour v. City Group Global Mkts., Inc._, 2006 U.S. Dist. LEXIS 9010, *10-12 (N.D. Cal., Feb. 22, 2006)).  And, Plaintiffs reiterate their contention that their claim for unjust enrichment is not identical to the FLSA

claim as it requires Plaintiffs to prove different elements, and it offers a greater remedy (Id.).

The Court is persuaded that preemption does not exist here.  The FLSA's savings clause expressly allows states to craft wage and hour statutes and regulations apart from the FLSA.[1]  This savings clause reflects Congress' intention that the FLSA should be seen to supplement, not supplant, state statutes.  See ___, e.g., Thorpe v. Abbott Labs, Inc., 534 F.Supp.2d 1120, 1124 (N.D. Cal. 2008); Abadeer, 2009 WL 2032397.

In Ohio, a plaintiff must establish the following three elements to prove unjust enrichment: (1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambleton v. R.G. Barry Corp., 465 N.E.2d 1298, 1302 (Ohio 1984).

---

[1]  The full text of the savings clause is: "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter, and no provision of this chapter relating to the employment of child labor shall justify noncompliance with any Federal or State law or municipal ordinance establishing a higher standard than the standard established under this chapter. No provision of this chapter shall justify any employer in reducing a wage paid by him which is in excess of the applicable minimum wage under this chapter, or justify any employer in increasing hours of employment maintained by him which are shorter than the maximum hours applicable under this chapter."  29 U.S.C. § 218(a).

In relevant part, the FLSA requires employers to pay their employees a minimum wage for all hours worked and to compensate their employees "at a rate not less than one and one-half times the regular rate" for each hour worked in excess of forty during a workweek. 29 U.S.C. §§ 206(a)(1), 2077(a)(1).  A plaintiff may establish liability for violations of the FLSA by adducing evidence that an employer-employee relationship existed, that the plaintiff was engaged in activities protected by the FLSA, and that the defendant did not pay the required  minimum wage or 150% of the normal hourly rate for time worked in excess of 40 hours per week. See, e.g., Thomas v. Speedway Superamerica, LLC, 2006 WL 4969500 (S.D. Ohio, March 31, 2006).  Clearly, unjust enrichment, while possibly based on many of the same facts, is not a claim duplicative of an FLSA claim, as the two do not share the same elements or require the same recovery.

Therefore, the Court finds that a claim for unjust enrichment simply does not interfere with or create any obstacles to the FLSA scheme, and the two theories are not in conflict.  The Court is unmoved by the Fourth Circuit's decision to the contrary in Anderson v. Sara Lee.  There, as Defendant notes, the court found that the plaintiffs' negligence, contract and fraud claims all depended on the plaintiffs showing that Sara Lee violated the FLSA.  The complaint alleged, as part of the negligence claim, that Sara Lee carelessly failed to pay the putative class members wages

11

due under FLSA; that, as part of contract claim, Sara Lee breached
a promise to pay FLSA-mandated  wages; and that, as part of the
fraud claim, Sara Lee willfully failed and refused to pay putative
class members for compensable time under the FLSA.  Anderson, 508
F.3d at 193.  Here, in contrast, Plaintiffs' claim for unjust
enrichment does not depend on a showing that Defendant violated the
FLSA.  Indeed, if the FLSA claim were to disappear, an unjust
enrichment claim could still be viable.

In addition, as noted by several of the courts declining
to find preemption, a finding of preemption at the pleading stage
and under these circumstances would run counter to the spirit, if
not the letter, of the Federal Rules of Civil Procedure.  Rule 8
reads, "[a] party may state as many separate claims or defenses as
it has, regardless of consistency." Fed.R.Civ.P. 8(d)(3).
Additionally, the Rule states the relief sought may "include relief
in the alternative or different types of relief." Fed.R.Civ.P.
8(a)(3).  The standard for a motion to dismiss for failure to state
a claim requires only that the plaintiff allege sufficient facts
"to raise a right to  relief above the speculative level on the
assumption that all the allegations in the complaint are true."
Twombly, 127 S.Ct. at 1974. The Court need not at this time
determine whether or not there is in fact a viable FLSA claim that
could potentially destroy any claim for equitable relief; the Court
need only determine if all claims are sufficiently pled.  As this

12

is a motion to dismiss, and not for summary judgment, the burden on Plaintiffs is only to allege sufficient facts to show unjust enrichment is a plausible claim for relief.  This, they have done.

Therefore, the Court denies Defendant's motion inasmuch as it is premised on the assertion that Plaintiffs' FLSA claim preempts their unjust enrichment/quantum meruit claim.

> **2.    The Ohio Minimum Wage Act does not preempt Plaintiffs' unjust enrichment/quantum meruit claim or Plaintiffs' failure-to-pay claim under O.R.C. 4111.15**

Defendant contends that the   Ohio Minimum Wage Act preempts Plaintiffs' claims for unjust enrichment and preempts Plaintiffs' claims for relief under O.R.C. Section 4113.15 (doc. 9).  The bulk of Defendant's argument centers on a textual analysis of the Ohio Minimum Wage Act Section 4111.14(K), the provision implementing Section 34a of Article II of the Ohio Constitution, which establishes the state minimum wage rates.  Defendant argues that the language in provision K of Section 4111.14 indicates that an action for minimum wage and overtime may only be brought under that provision (K), excluding actions brought under any other common law or statutory claim (Id.).  Defendant reasons that the language in (K)(3) that "[a] civil action regarding an alleged violation of this section shall be maintained only under division K of this section," indicates that one may not bring a minimum wage action under Ohio law in any other way (Id).  Moreover, Defendant

13

claims that the subsequent sentence in (K)(3) indicates that 4111.14(K) bars one from bringing overtime claims under any other section: "This division does not preclude the joinder in a single civil action of an action under this division and an action under section 4111.10 of the Revised Code."  Because 4111.10 concerns overtime wage, Defendant argues that Section K's reference to 4111.10 signifies that 4111.14(K) excludes one from bringing an overtime claim under any other theory (Id  __.). Defendant also contends that Plaintiffs' claims for unjust enrichment and O.R.C. 4113.15 are "based solely on claims for unpaid minimum wage or overtime," such that they are directly related to and compensable under the Ohio Minimum Wage Act (Id).  Thus, Defendant argues that 4111.14(K) is the only provision under which a claimant may bring an action for unpaid overtime and minimum wage, thereby barring the ability to bring an action either for unjust enrichment or for recovery under 4113.15 for unpaid minimum and overtime wages.

As a secondary argument for dismissing Plaintiffs' claim for recovery under 4113.15, Defendant determines that the claim should be dismissed because the wages at issue are in dispute, which contravenes the statute's requirement that the wages not be in dispute (Id.).  Defendant contends that there exists a dispute over the wage rates claimed by Plaintiff, thereby precluding Plaintiffs from asserting a claim under 4113.15 (Id).  The statute states that employers are liable for wages that remain unpaid for

14

over thirty days, or in some cases for over sixty days,...."and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment...." According to Defendant, the unpaid overtime and minimum wages relevant to the case at bar are in dispute and thus do not qualify as proper allegations made under 4113.15 (Id, citing O'Brien v. Ed Donelly Enterprises, 575 F.3d 567 (6th Cir. 2009)). Defendant claims that "there are clearly disputes" about the wages, although it fails to provide further explanation (Id.).

Plaintiffs contend that 4111.14(K) does not preempt unjust enrichment and 4113.15 violation claims (doc. 13). Plaintiffs claim that the two counts do not raise minimum wage claims (Id.). Plaintiffs note that 4111.14(K)(3) says "a civil action for an alleged violation *of this section* shall be made only under division (k) of this section" (Id __., emphasis added). Plaintiffs contend that the 4113.15 and unjust enrichment claims are not brought as violations of the minimum wage provision and request different damages: in the amount  of reasonable value of services for the unjust enrichment  claim; and  unpaid wages plus liquidated damages in the  amount of 6% of  their wages, or $200, whichever is greater, for the 4113.15 claim (Id).  They note that Section 4113.15 does not address unpaid minimum and overtime wages. Further, regarding 4113.15, Plaintiffs argue that they are not obligated to plead an absence of disputed wages (Id.).  Unlike in

O'Brien, where the court dismissed on a motion for summary judgment a Section 4113.15 claim because of the disputed wages, Plaintiffs argue that the case at bar is distinguishable because the motion before the court is a motion to dismiss (Id., citing O'Brien). Plaintiffs state that at this early in the pleading stage, there has been no opportunity to discover any genuine issue of material fact as to whether there was a contest or dispute in the nonpayment of wages (Id.).

The Court finds that Section 4111.14(K) of the Ohio Revised Code does not preempt Plaintiffs' unjust enrichment and Section 4113.15 claims. Section 4111.14 is a statute that implements Section 34 of Article II of the Ohio Constitution. Section 34 of Article II, entitled "Fair Minimum Wage," is an amendment to Ohio's constitution that mandates that every employer in Ohio pay their employees a minimum wage, which amount was set by the amendment and designed to increase with inflation as provided therein. Ohio Const. Art. II, § 34a. In relevant part, Section 4111.14 reads:

> (A) Pursuant to the general assembly's authority to establish a minimum wage under Section 34 of Article II, Ohio Constitution, this section is in implementation of Section 34a of Article II, Ohio Constitution. In implementing Section 34a of Article II, Ohio Constitution, the general assembly hereby finds that the purpose of Section 34a of Article II, Ohio Constitution is to:
> > (1) Ensure that Ohio employees...are paid the wage rate required by Section 34a of Article II, Ohio Constitution
> > (2) Ensure that covered Ohio employers maintain certain records that are directly related to the enforcement of the wage rate requirements in Section 34a of Article II,

16

Ohio Constitution;
(3) Ensure that Ohio employees who are paid the wage rate required by Section 34a of Article II, Ohio Constitution may enforce their right to receive that wage rate in the manner set forth in Section 34a of Article II, Ohio Constitution;
(K) In accordance with Section 34a of Article II, Ohio Constitution, an action for equitable and monetary relief may be brought against an employer by...an employee...for any violation of Section 34a of Article II, Ohio Constitution or any law or regulation implementing its provisions within three years of the violation or of when the violation ceased if it was of a continuing    nature, or   within one year after notification to the employee of final disposition by the state of a complaint for the same violation, whichever is later....
(3) <u>A civil action regarding an alleged violation of this section shall be maintained only under division (K) of this section</u>. This division does not preclude the joinder in a single civil action of an action under this division and an action under section 4111.10 of the Revised Code. (emphases added.)

It is clear to the Court that Section 4111.14 of the Ohio Revised Code governs only claims for nonpayment of the mandated minimum wage.  That is what the statute expressly says, and it is the express purpose not only of Section 34a of Article II of the Ohio Constitution but of Section 4111.14 itself.  S<u>ee</u> Ohio Rev. Code § 4111.14 (purpose of the statute is to ensure that employees are paid the wage rate specified in the Ohio Constitution).  Both Section 34a of the Ohio Constitution    and Section 4111.14 are completely silent with respect to o<u>vertime</u>.  The constitutional amendment and the implementing statute relate only to the wage rate, not the  number of hours worked in a week, not a right to overtime for hours worked beyond forty, and not a right to payment of wages at a specified frequency.  That last right is expressly

17

governed not by Section 34a of the Ohio Constitution, nor by Section 4111.14 of the Ohio Revised Code but, instead, by Section 4113.15 of  the Ohio Revised Code, the section under which Plaintiffs seek relief here.

Section 4113.15 of the Ohio   Revised  Code, entitled "Semimonthly payment of wages" but known as Ohio's Prompt Pay Act, reads, in relevant part,

> (A) Every individual,  firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month.  Ohio Rev. Code § 4113.15.

This section of the Ohio Revised Code expressly mandates that employees be paid in a timely fashion and provides penalties for failure to promptly pay.  Section 4113.15 is silent with respect to a minimum wage or overtime.  It merely provides employees with a civil remedy if their employer fails to pay them their wages due within the time-frame prescribed therein.

As noted above, unjust enrichment in Ohio can be established by showing (1) a benefit conferred by the plaintiff upon the defendant, (2) knowledge by the defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. Hambleton v. R.G. Barry Corp., 465 N.E.2d 1298, 1302 (Ohio 1984).

18

Clearly, the tort of unjust enrichment is silent with respect to any minimum wage.

Therefore, because Section 34a of the Ohio Constitution and Section 4114.14 of the Ohio Revised Code specifically and exclusively deal with nonpayment of the mandated minimum wage, and because neither a claim under Section 4113.15 nor a claim for unjust enrichment involves the nonpayment of the mandated minimum wage, Defendant's attempt to use the limitations expressed in Section 4114.14(K) to prevent Plaintiffs from pursuing their claims under 4113.15 and for unjust enrichment fails.  Section 4114.14(K) provides that any action "regarding an alleged violation of this section" (emphasis added) must be subject to the limitations expressed therein.  However, neither an unjust enrichment claim nor a Section 4113.15 claim is an action regarding an allegation of the failure to pay the mandated minimum wage.  Section 4114.14(K) is simply inapplicable to Plaintiffs' prompt pay claim under 4113.15 and to their claim for unjust enrichment.

The Court is similarly unpersuaded by Defendant's argument that Plaintiffs' 4113.15 claim must be dismissed because there is a dispute as to the wages; indeed, Defendant claims that 4113.15 "provides for timely payment of all undisputed wages; it is not a vehicle for recovering disputed unpaid...wages" (doc. 9). Defendant's argument rests on an erroneous reading of the statute. Section 4113.14(B) reads, in relevant part, "Where wages remain

19

unpaid for thirty days beyond the regularly scheduled payday...and no contest [sic] court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment, the employer, <u>in addition</u>, <u>as liquidated damages</u>, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest  or disputed or two hundred dollars, whichever is greater." (emphases added).  A careful reading of the statute reveals that section (B) describes only liquidated damages, which damages would be available to Plaintiffs, for example, should they be successful in their suit, as that would resolve the dispute accounting for nonpayment.  In contrast, section (A) provides that  the employee is  entitled to actual damages. Ohio Rev. Code § 4113.15(A). Section (B), the liquidated damages provision, in no way prevents Plaintiffs from pursuing their 4113.15 claim against Defendant.  Indeed, Defendant's argument that a dispute about wages precludes a suit under 4113.15 would render 4113.15 impotent because any suit under 4113.15 necessarily means that a dispute about wages exists.  The Court cannot believe that the Ohio legislature intended to, on the one hand, provide employees with an avenue of relief if their employer fails to pay them promptly but, on the other hand, take that avenue away should the employee sue to enforce their right to prompt payment.

The Court therefore denies Defendant's motion to dismiss

Plaintiffs' third and fourth counts on the basis that they are precluded by Ohio's Minimum Wage Act or by the existence of a dispute as to the wages owed.

### 3. An opt-out class action under Federal rule 23 is permissible for the Ohio-law claims

In their second cause of action, Plaintiffs seek overtime wages, which they claim were improperly withheld in violation of Ohio Revised Code §§ 4110.10(A) and 4111.03(A) (doc. 1).

Defendant argues that Plaintiffs' state claims–including the overtime claim–may not be brought as an opt-out action pursuant to Federal Rule 23(b) (doc. 9). Defendant presumes that Plaintiffs seek to certify their state law allegations as class action claims, which is an improper request, according to Defendant (Id __.). Defendant argues that Rule 23(b) class actions may not be brought on behalf of the Ohio Plaintiffs because the Ohio Minimum Wage Act § 4111.14(K)(2) expressly states that the employees must consent in writing to join as a party plaintiff in a class action brought under that provision: "No    person shall   join as a party plaintiff...unless that employee first gives written consent to become such a party plaintiff" (Id., citing ORC 4111.14(K)(2)). Defendant notes that this provision mimics the opt-in procedure set forth in the FLSA, where collective actions may only be brought by parties that affirmatively opt in to the action; according to Defendant, collective actions involving state wage claims must likewise be brought as collective opt-in actions (Id.).

21

Defendant points to <u>Dillworth v. Case Farms Processing</u>, 2009 US Dist. LEXIS 76947 at *16, where the court held that an employee can only join in an action involving Ohio wage and hour claims if he opts in, "eliminating the ability to bring a Rule 23(b)(3) opt-out class action" (<u>Id.</u>, <u>quoting</u> <u>Dillworth</u>).

Plaintiffs argue that the state claims may proceed as opt-out class actions pursuant to FRCP 23(b)  (doc. 13).  As  a "hybrid" action, Plaintiffs invoke federal jurisdiction statutes 29 U.S.C. 1332(d) and 29 U.S.C. 1367 and Rule 23(b), asserting that an opt-in FLSA collective action may be pursued simultaneously with an opt-out class action (<u>Id</u>.).  Plaintiffs cite several national district court decisions that have allowed simultaneous actions involving FLSA and state common law violations to proceed as collective opt-in and class opt-out actions, respectively (<u>Id</u>.).  Additionally, Plaintiffs cite Ohio district court cases – decided prior to Ohio's constitutional amendment 34(a) – which   certified Ohio classes pursuing overtime  wage claims concurrently with opt-in FLSA collective actions.   <u>Thomas v. Speedway SuperAmerica LLC, Inc.</u>, 2005 U.S. Dist. LEXIS 25286 (S.D. Ohio, September 3, 2005) at *36-38, and <u>Carnevale v. GE Aircraft Engines</u>, 492 F. Supp.2d 763 (S.D. Ohio 2003).

Plaintiffs acknowledge the opt-in requirement described in minimum wage provision O.R.C. 4111.14(k)(2); however, Plaintiffs argue that because the complaint contains an overtime claim, which,

22

under 4111.03 and 4111.10, does not include an opt-in procedure, it may be pursued as an opt-out action (Id.__).  To support this argument, Plaintiffs cite Laichev v. JBM, Inc., 269 F.R.D. 633 (S.D. Ohio 2008).  In Laichev, the plaintiffs sought certification of their overtime and  FLSA claims as both  a class action and collective action (Id.).  Judge Barrett concluded that the opt-in requirement of Section 4111.14(k)(2) does not apply to the overtime provisions of Sections 4111.10 and   4111.03; accord ingly, the overtime claim could be brought as an opt-out class action while the FLSA remained an opt-in collective action (Id.).

Further, Plaintiffs contend that the language of Section 4111.14(k)(3) indicates that separate enforcement mechanisms exist for minimum wage claims brought under Section 4111.14 and overtime claims brought under Section 4111.10: "'This division does not preclude the joinder in a  single civil action of an action under this division and an action under Section 4111.10 [overtime] of the Revised Code.' [Emphasis added]" (Id.).

Plaintiffs contend that Laichev is better reasoned than Dillworth, which, citing 4111.14(K), con   cluded that  Ohio law stipulates that an employee can only be joined in an Ohio wage and hour action if he affirmatively opts in to the suit (Id   __.).  Plaintiffs submit that Dillworth   , unlike Laichev  , does not recognize Ohio's separate statutory schemes for minimum and overtime rights (Id.).

23

Plaintiffs next address Defendant's reliance on _Dillworth_'s argument concerning the Rules Enabling Act; specifically, that the opt-in provision in the FLSA creates substantive rights that cannot be abridged, modified, or enlarged by Rule 23, and that the REA precludes class actions under state law (_Id_.).  Plaintiffs state that most courts have rejected the argument that the Rules Enabling Act forbids plaintiffs from simultaneously bringing in the same suit an FLSA opt-in action and a Rule 23 action under Ohio's overtime law (_Id_., _citing_ _Osby v. Citigroup_, 2008 U.S. Dist LEXIS 39041 at *13).  Plaintiff argues that the opt-in right provided by the FLSA is not affected by certification of the Rule 23 class as it does not affect an employee's ability to opt-in to a FLSA collective action (_Id_.).  Thus, the substantive right of the FLSA opt-in procedure is not abridged, modified, or enlarged by Rule 23 (_Id_.).

The Court finds Defendant's challenge to Plaintiffs' ability to bring their state-law claims as a class action under Federal Rule 23 to be premature.  Although the complaint references Rule 23, Plaintiffs have yet to file a motion to certify an Ohio class pursuant to Rule 23.  Rather than rule on the issue in the abstract, the Court will delay its decision on whether Plaintiffs may properly pursue a hybrid collective action under the FLSA and class action under Rule 23 until the Court is faced with such a motion.  The Court thus denies Defendant's motion to dismiss on

this basis, but Defendant is certainly free to attack any such certification motion Plaintiffs may bring.

### B.    The Motion for a More Definite Statement

Defendant asserts that it is "difficult, if not impossible, to adequately respond to the portions of Plaintiffs' Complaint that are not subject to [the motion to dismiss]" (doc. 10).  Specifically, Defendant argues that if the Court grants its motion to dismiss, the general factual allegations regarding the state claims will fall away from the complaint, so Defendant asks for a more definite statement regarding the remaining FLSA claim. As noted above, the Court is denying Defendant's motion to dismiss, so this motion for a more definite statement is moot and therefore denied.

## IV.  Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Plaintiffs' Third and Fourth Causes of Action and Plaintiffs' Request for Class Action Allegations Pursuant to Fed. R. Civ. P. 23(b)(3) and Defendant's Motion for More Definite Statement (docs. 9 & 10).  Further, the Court SETS a preliminary pretrial conference in this matter for March 30, 2011 at 3:30 p.m.


SO ORDERED.

Dated: February 2, 2011       /s/ S. Arthur Spiegel
                              S. Arthur Spiegel

25

United States Senior District Judge